UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
DAVID L. PARKER, MEROLYN G. PARKER, :
                                   :
            Plaintiffs,            :      ORDER
                                   :      06-CV-6191 (JFB)(WDW)
            – against –            :
                                   :
PETER DAWSON,                      :
BRASH MANAGEMENT GROUP INC.,       :
BMG ADVISORY SERVICES, LTD.,       :
ETHAN THOMAS CO., INC.,            :
                                   :
            Defendants.            :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

On November 20, 2006, plaintiffs David L. and Merolyn G. Parker (collectively, the "Parkers") filed an action against Peter J. Dawson ("Dawson"), Brash Management Group, Inc., BMG Advisory Services, Ltd. ("BMG"), and Ethan Thomas Co., Inc. ("Ethan Thomas") (collectively, "defendants"), alleging state common law claims. On January 11, 2007, the Parkers moved for a default judgment against all of the defendants, and the Clerk of the Court entered a default on that day. On February 21, 2007, an attorney filed a notice of appearance on behalf of Dawson, but not the remaining defendants. Subsequently, on March 9, 2007, Dawson moved to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court grants in part and denies in part the

---

[1] Dawson also moved to stay this action on March 9, 2007. In a separate order issued on August 27, 2007, this Court ordered a stay of discovery in this action, as well as two other related actions, pending resolution of the criminal proceedings against Dawson in New York State court.

Parkers' motion.

First, the Court sets aside the entry of default against Dawson pursuant to Rule 55(c). Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). The factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are (1) "'whether the default was willful,'" (2) "'whether setting it aside would prejudice the adversary,'" and (3) "'whether a meritorious defense is presented.'" *Comm. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (quoting *Meehan*, 652 F.2d at 276). The Court is also permitted to consider relevant equitable factors, including whether failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting *Enron Oil Corp.*, 10 F.3d at 96). "Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 98 ("[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.")).

Here, the Court finds that the default entered against Dawson should be set aside because, resolving all doubt in favor of the defaulting party, (1) there is no basis to conclude that the default was willful but, rather, appears to be the result of excusable neglect arising from defense counsel's failure to timely respond to the large number of civil complaints filed against Dawson within a relatively short period of time; and (2) setting it aside would not prejudice the Parkers in any material way other than requiring them to argue the merits of their claims against Dawson.

2

However, the Court further finds that a default judgment should be entered against BMG and Ethan Thomas (collectively, "the corporate Dawson defendants"). The corporate Dawson defendants have failed to respond to this Court's order dated January 18, 2007, which provided that "all defendants show cause . . . as to why a default judgment should not be entered against them," and warned that "[a] failure to respond will result in the entry of default judgment." (*Parker v. Dawson*, No. 06 Civ. 6191, Jan 18, 2007 Order.) In addition, Dawson's counsel, as noted *supra*, has filed a notice of appearance only on behalf of Dawson individually and not on behalf of the corporate defendants. (Indeed, in a related action pending in this Court, Dawson's counsel initially appeared on behalf of BMG and Ethan Thomas, and then later withdrew as their attorney, citing the parties' inability to pay legal fees and conflict of interest concerns. (*See* Tomao's Dec. 28, 2006 Ltr. filed in *S.E.C. v. Dawson*, No. 06 Civ. 6360 (JFB) (WDW).)) Accordingly, the Court hereby enters a default judgment in the Parker action against the corporate Dawson defendants, BMG and Ethan Thomas.

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a

default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir.1989). Here, according to the record before this Court, the Parkers made no evidentiary submission in connection with the application for a default judgment, but simply submitted a request for the amount of damages specified in the complaint and an affidavit from plaintiffs' counsel.

Accordingly, the Court affords the Parkers thirty days from the date of this Order to file and serve upon the corporate Dawson defendants an evidentiary basis for the damages specified in the proposed default judgment previously submitted by the Parkers. Thereafter, the corporate Dawson defendants will have thirty days to submit, through counsel, their opposition to the judgment requested by the Parkers. If the corporate Dawson defendants fail to submit their opposition in a timely manner, the Court shall award damages to the Parkers in accord with the amount that is supported by the record.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007
Central Islip, NY